## SMITH *v.* WIGGIN.

In an action on the case for obstructing a private way, the declaration need not show the origin and history of the plaintiff's title to the way. Where the way is not claimed as appurtenant to the premises of the plaintiff to which it leads, it is not necessary to describe those premises by metes and bounds, or otherwise, in the writ.

THIS was an action on the case, by Harriet S. Smith against Charles W. Wiggin. There were four counts in the writ. The first three were for obstructing the plaintiff's way, and the fourth for another cause of action, which need not be stated here.

The first count alleged that the plaintiff, on the 10th day of September, 1860, was, and ever since has been, seized in her demesne as of fee of a certain piece of land and buildings thereon, in Dover, with the appurtenances, giving description of the premises by metes and bounds : " And the said plaintiff all of that time had, now has, and ought to have, a right of passage from Chapel street, so called, in said Dover, to the rear of said store on said lot with teams, &c." Yet, &c., with no further description of the way.

, The second count alleges the plaintiff's seizin of her premises in Dover, without describing them, except by reference to the description in the first count. It then sets up her right to a passage from Chapel street to the rear of the store, and describes the way claimed by definite termini and direction.

The third count refers to the first for a description of the plaintiff's premises, and to the second for a description of the way claimed, but does not otherwise differ from the second except as to the obstruction. The way is not claimed in either count as appurtenant to her premises. To these three counts there was a general demurrer, and the questions thereupon arising were reserved for consideration by the whole court.

*Wheeler*, for the plaintiff; cited 2 Saund. Pl. and Ev. 1238; Com. Dig. Pleader, C. 39, and Action on the case for disturbance, B.; 2 Saund. 113, note 1 and *a ; Fentiman* v. *Smith*, 4 East 107; 1 Saund. 346, note 2; 2 Chit. Pl. 806; Oliver's Precedents, 382–384; *Lamphier* v. *W. & N. R. R.*, 33 N. H. 505.

*Small*, for the defendant, cited and commented upon 3 Kent 419; 2 Chit. Bl. 35, and note; 2 Greenl. Ev., sec. 657; Comyn's Dig. Chimin D. 2; Story's Pl. 660, note; 1 Chit. Pl. 381, 383, 384, 505; Stephens' Pl. 304, and appendix and note 12; *French* v. *Marstin*, 24 N. H. 453; *Cilley* v. *Jenness*, 2 N. H. 89; *Chapman* v. *Sloan*, 2 N. H. 464; *Rochester* v. *Roberts*, 29 N. H. 360; *Nelson* v. *Swan*, 13 Johnson 483.

LADD, J. The first objection, that the declaration ought to show in what mode the plaintiff acquired her right to the way in question,—

whether by prescription, grant, or necessity,—cannot be sustained. The important allegation is, that she had title to the easement. The particular facts upon which that title rests,—whether deed, descent, record, or user,—are matters of evidence, and need not be pleaded. 1 Ch. Pl. 225, 540. The defendant's counsel, in his brief, says,—"It is important that, when judgment is rendered, if for the plaintiff, it shall show what her title to the way is." We do not see in what view this is important: the title by which a man holds his estate is, in general, of no importance to strangers; besides, nothing can be settled by the judgment between the parties except the issue tried between them. Controverted matters of evidence do not pass *in rem judicatam* by the judgment. *King* v. *Chase*, 15 N. H. 9.

There is no reason why the plaintiff should be required to aver in her declaration that she is entitled to the right of way by reason of her seizin and possession of the land. This might be requiring her to make a false allegation. Her title may rest upon some other fact, as a license; and if that be so, a false description of the right would be improper, and could not be supported by the evidence which she would have to offer at the trial. *Fentiman* v. *Smith*, 4 East 108; *Lamphier* v. *Worcester & Nashua R. R.*, 33 N. H. 505.

The second objection is, that the first count is defective, because it gives but one terminus to the way; and the second and third, because the plaintiff's premises are not described in them,—and that neither can be aided by a reference to the others.

But the plaintiff does not claim the way as appurtenant to her land, or by reason of her possession of the premises described in the first count: the description of those premises might be stricken out of that count as surplusage. *Lamphier* v. *W. & N. Railroad*, before cited. The second and third counts contain a sufficient description of the way; and if they contain no description of the plaintiff's premises, for the reason suggested by the defendant that one count in a writ cannot be aided by reference to another which is bad on demurrer, that is of no consequence here, because the matter in the first count, to which reference is made in the second and third, is unnecessary, and need not be stated at all in either count.

With these views, we have not thought it necessary to consider whether the description of the way in the first count is sufficient or not.

*Demurrer overruled.*